UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVECA SANAI, an individual, CYRUS SANAI, an individual, FREDRIC SANAI, an individual, INGRID BURON, an individual, and DARIA SANAI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCOLLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation,<br><br>Defendants. | CASE NO. C08-0253-JCC<br><br>ORDER |
| CYRUS SANAI, an individual, and FREDRIC SANAI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, WILLIAM SULLIVAN, an individual, and MARSH MUNDORF PRATT SULLIVAN AND MCKENZIE, a partnership,<br><br>Defendants,<br><br>v.<br><br>PHILIP MAXEINER, Special Master,<br><br>Garnishee. | |

ORDER – 1

This matter comes before the Court on Judgment Creditor Mary McCullough's Motion for Summary Judgment on Writ of Garnishment (Dkt. No. 15), Viveca Sanai's Response in opposition (Dkt. No. 19), and McCullough's Reply (Dkt. No. 20). The Court has carefully considered these papers, as well as the balance of the record in this case, and has determined that oral argument is not necessary. The Court hereby GRANTS the motion and rules as follows.

**I.  BACKGROUND**

On November 10, 2005, the Court entered a judgment against Viveca Sanai, Cyrus Sanai, and Fredric Sanai, awarding McCullough $46,630.00 in sanctions under 28 U.S.C. § 1927 based on the Sanais' bad faith conduct and unreasonable and vexatious multiplication of the proceedings. (C02-2165-TSZ, Dkt. Nos. 736, 741.) Having received no satisfaction of this judgment, on January 2, 2008, McCullough applied for a writ of garnishment to collect the amount of the judgment, plus interest and the costs of the garnishment process. (Dkt. No. 2.) The Court issued the writ, in the total amount of $51,202.61, to Philip Maxeiner ("Garnishee"), the Special Master appointed by the Snohomish County Superior Court to "hold funds generated from the sale of assets in the dissolution of the marriage of Viveca and Sassan Sanai, and to distribute those funds only pursuant to orders of that court." (*Id*.; Mot. 2 (Dkt. No. 15).) Four other writs, involving other underlying judgments against Sanai, issued from the United States District Court at the same time.[1]

Maxeiner requested direction from the Snohomish County Superior Court, and was ordered by that court to transfer into the court's registry a sufficient amount to cover the writs of garnishment from

---

[1] The five writs of garnishment issued by the Court are:
  C08-0251-JCC, Dkt. No. 2
  C08-0252-JCC, Dkt. No. 2
  C08-0253-JCC, Dkt. No. 2
  C08-0254-JCC, Dkt. No. 2
  C08-0255-JCC, Dkt. No. 2.

ORDER – 2

the funds he held in trust for Sanai, and to answer all five of the writs. (Order Directing Action of Special Master 1–2 (Dkt. No. 6 at 5–6).) The court also ordered that the funds transferred into the court's registry would not be disbursed except on receipt of a certified copy of a judgment and order, or multiple orders, issued by the United States District Court, directed at Maxeiner. (*Id*. at 2.) On January 22, 2008, Maxeiner answered the writs, indicating that he had deposited into the Snohomish County Superior Court's registry sufficient funds belonging to Viveca Sanai to satisfy the judgments against her. (Dkt. No. 6 at 3.) On February 6, 2008, McCullough presented a proposed judgment and order requesting that the United States District Court order the Snohomish County Clerk to disburse $51,202.61 to McCullough. (Dkt. No. 10.)

On February 8, 2008, Viveca Sanai filed an Amended Declaration in Contravention of Garnishee's Answer. (Dkt. No. 12.) In it, she argued that the Court had no jurisdiction to make any orders to the Clerk of the Snohomish County Superior Court. On March 14, 2008, she filed a motion to dismiss the writ of garnishment. (Dkt. No. 13.) However, she withdrew that motion on April 11, 2008, after the Court denied her similar motions to dismiss the other writs of garnishment. (Dkt. No. 18.) Thereafter, McCullough filed the instant motion for summary judgment on the writ of garnishment, seeking an order finding that no trial is necessary, and that McCullough is entitled to judgment against Maxeiner in his capacity as Special Master. (Mot. 1 (Dkt. No. 15).) McCullough asks the Court to authorize the Snohomish County Superior Court Clerk to disburse to McCullough $51,202.61.

Sanai opposes summary judgment on grounds that McCullough "fail[ed] to follow the mandatory procedures set forth in [Washington Revised Code Section] 6.27[.]" (Resp. 4 (Dkt. No. 19 at 5).) Further, Sanai argues, the writ of garnishment must be dismissed on grounds that McCullough engaged in "claim splitting." (*Id*. at 5.) Additionally, she argues, the Court may not issue a judgment against Maxeiner because he already transferred the funds to the Snohomish County Superior Court's registry, and no substitution of Garnishees may be made. (*Id*. at 6.) Sanai also argues that Maxeiner was "corruptly appointed" to his position of Special Master and that this Court should not "validate that

ORDER – 3

corrupt conduct by issuing instruction to Maxeiner to hand over moneys he illegally and corruptly held[.]" (*Id.* at 8.) Sanai also argues that the Court "lacks jurisdiction to direct anyone to do anything in respect of the funds held by the Snohomish County Clerk." (*Id.*)

## II. APPLICABLE STANDARD

### A. Controverting a Garnishee's Answer

"A writ of garnishment[2] is a warning by the court to a third party that the plaintiff is attempting to reach funds . . . of the defendant which may be in the hands of the third party." PATRICK J. LAYMAN, 3 WASHINGTON LAWYERS PRACTICE MANUAL § 7.75 (2008). The purpose of Washington's garnishment statute "is to enforce the obligations of debtors." *Watkins v. Peterson Enters.*, 973 P.2d 1037, 1042 (Wash. 1999) (citing WASH. REV. CODE § 6.27.005). The district court applies the Washington garnishment statute because "the procedure on execution . . . [of a money judgment] must accord with the procedure of the state where the court is located[.]" FED. R. CIV. P. 69(a)(1).

Under Washington law, after a writ of garnishment has been issued and answered, a party who is not satisfied with the answer of the garnishee may controvert the answer by filing an affidavit:

> stating that the affiant has good reason to believe and does believe that the answer of the garnishee is incorrect, stating in what particulars the affiant believes the same is incorrect.

WASH. REV. CODE § 6.27.210. Thereafter, the garnishee may respond by affidavit within twenty days. *Id.* at § 6.27.220. After twenty days, "the matter may be noted by any party for hearing before a . . . presiding judge for a determination whether an issue is presented that requires a trial." *Id.* "If a trial is not required, then the controversion may be disposed of in whatever manner is appropriate." MARJORIE DICK ROMBAUER, 28 WASHINGTON PRACTICE § 8.50 (1998). In addition, "[i]ssues on controversion may be decided on a motion for summary judgment." *Id.* (citing *Watters v. Doud*, 596 P.2d 280, 282 (Wash. 1979), *abrogated on other grounds by Haley v. Highland*, 12 P.3d 119 (Wash. 2000)).

---

[2]"The word 'garnishment' is derived from the word 'garner,' meaning to warn." LAYMAN, *supra*, at § 7.75.

ORDER – 4

### B. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the moving party meets this initial burden, then the party opposing the motion must set forth facts showing that there is a genuine issue for trial. *See T.W. Elec. Serv.*, 809 F.2d at 630. The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "In response to a summary judgment motion, . . . the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, . . . which for the purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); FED. R. CIV. P. 56(e). If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

### III. ANALYSIS

McCullough argues that there are no material facts in dispute that would require a trial. (Mot. 6 (Dkt. No. 15).) The Court agrees with this proposition. Sanai's Amended Declaration in Contravention of Garnishee's Answer fails to show that the answer is incorrect in any respect. (Dkt. No. 14.) It does not argue that Sanai owes no debt to McCullough, nor that the Special Master's description of the funds deposited into the Snohomish County Superior Court's registry is incorrect. In response to the instant motion, Sanai raises procedural issues and seeks to invalidate the writ by attacking Maxeiner's appointment as a Special Master in the first place. The Court will address each of Sanai's arguments in

ORDER – 5

turn, below.

**A.     Documents the Court May Consider in Determining Whether a Trial is Necessary**

First, Sanai argues that under Washington law, in determining whether a trial is necessary, the Court may only consider the affidavit for a writ of garnishment, the garnishee's answer, and the affidavit controverting the answer. (Resp. 4 (Dkt. No. 19 at 5).) Sanai argues that in this case, because McCullough did not file a declaration in controversion of the garnishee's answer, the Court may only consider the Declaration in Support of Application for Writ of Garnishment (Dkt. No. 1), Maxeiner's Answer (Dkt. No. 6), and Sanai's Amended Declaration in Contravention of Garnishee's Answer (Dkt. No. 12). Sanai argues that the motion must be dismissed because the motion refers to papers in the record outside of the three papers identified by Sanai. (Mot. 4 (Dkt. No. 19 at 5).)

Sanai relies exclusively upon the language of the Washington statute governing garnishment to support her argument. Specifically, she highlights the following:

> If a trial is required, it shall be noted as in other cases, but no pleadings shall be necessary on such issue other than the affidavit of the plaintiff, the answer of the garnishee and the reply of the plaintiff or defendant controverting such answer, *unless otherwise ordered by the court*.

WASH. REV. CODE § 6.27.220 (emphasis added). In the parallel writ action by McCullough, the Court ordered the parties to file any dispositive motions by May 15, 2008. (C08-0251-JCC, Dkt. No. 20.) In doing so, the Court implicitly informed the parties that it would consider any materials submitted by the parties in support of a motion for summary judgment. Although a similar order did not issue in this case, presumably because Sanai withdrew her motion to dismiss before the Court issued an order ruling on the motion and setting the dispositive motions deadline, on May 30, 2008, the Court re-noted the instant summary judgment motion for consideration together with the other pending dispositive motions in the other four writ actions. (Dkt. No. 21.) The Court therefore acknowledged, in this case as well as the others, that it would consider the documents filed with respect to summary judgment. The Court is not persuaded by Sanai's argument that the usual summary judgment standard does not apply, which holds

ORDER – 6

that summary judgment is appropriate if "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Accordingly, the Court finds no basis to deny McCullough's motion for summary judgment on grounds that McCullough's motion relies upon other papers in the record beyond those three identified by Sanai.

### B. Claim Splitting

Sanai next argues that because McCullough filed two separate writs of garnishment in the district court, McCullough engaged in illegal claim splitting, and therefore, the writ in this action should be dismissed. (Resp. 5 (Dkt. No. 19 at 6).) The Court is not persuaded by this argument.

Sanai cites *Landry v. Luscher*, 976 P.2d 1274, 1277 (Wash. Ct. App. 1999), in which the court of appeals explains that in Washington, a "claimant may not split a single cause of action or claim." In that case, the court held that plaintiffs who brought suit in small claims court for property damage to an automobile arising from an accident could not bring a later suit for personal injuries arising out of the same accident. *Id*. at 1276. The instant case is easily distinguishable because McCullough's writs of garnishment are based on different underlying judgments. In this action, McCullough seeks to enforce a November 10, 2005, judgment awarded under 28 U.S.C. § 1927 based on Sanai's unreasonable and vexatious litigation tactics. (Dkt. No. 1; C02-2165-TSZ, Dkt. No. 741.) With respect to the other writ of garnishment initiated by McCollough in this Court, the judgment sought to be enforced arises from attorney's fees awarded to McCullough by this Court on October 2, 2007. (C02-2165-TSZ, Dkt. No. 784.) Sanai has not cited any authority for the proposition that a party seeking to enforce different judgments against the same debtor may not bring separate writs of garnishment. The Court will not dismiss the writ in this case based on a theory of claim splitting.

### C. Whether The Court Should Enter Judgment Against Maxeiner

McCullough asserts that the proper order for this Court to enter is a judgment against Maxeiner

ORDER – 7

as the garnishee, directing the Snohomish County Clerk to pay the garnishors upon presentation of certified copies of the Court's judgment and order. (Mot. 8–9 (Dkt. No. 15).) This procedure would comport with the Snohomish County Superior Court's order directing the Special Master to deposit the funds he held in trust for Sanai into the court's registry.[3] Finding authority for the Snohomish County Superior Court's Order, McCullough cites two cases in support of the proposition that "when the garnishee transfers money owed to the debtor after service of the writ of garnishment, he remains liable to the garnishor." (Mot. 8 (Dkt. No. 15) (citing *Eidemiller v. Elder*, 73 P. 1135 (Wash. 1903); *Maury v. Toledo Logging Co.*, 1 P.2d 896 (Wash. 1931)).)

Sanai, however, objects to this process on grounds that the two cases cited by McCullough in support of this procedure pre-date Washington's current garnishment statute and that Maxeiner violated the law by transferring the funds into the court's registry. (Resp. 6 (Dkt. No. 25 at 7).) She also argues that no substitute garnishee may be permitted. The Court finds Sanai's objections to this process without merit. The writ itself indicates that any "payment, delivery, sale or transfer [would be] void to the extent necessary to satisfy plaintiff's claim[.]" (Writ (Dkt. No. 2 at 3).) In other words, the writ contemplated that Maxeiner would still be liable as Garnishee despite any transfer he may have made of the funds. Maxeiner's actions were specifically ordered by the Snohomish County Superior Court, and that court anticipated that the funds would be disbursed upon order of this Court against Maxeiner, directing the clerk of that court to disburse the funds to the garnishor upon presentation of such order. The Court finds nothing in Sanai's Response that would prevent the Court from issuing such an order.

**D. Allegations of Corruption**

Sanai next argues that Maxeiner was "illegally and corruptly appointed to the position of 'special

---

[3] The Snohomish County Superior Court Order directing the Special Master to deposit the funds into the court's registry stated that: "$299,900.57 deposited into the Snohomish County Court Registry shall not be disbursed except upon receipt of a certified copy of a judgment and order, or multiple orders, issued by the U.S. District Court. Said order(s) would be directed to Philip Maxeiner and the clerk would be authorized to make distributions upon receipt of said judgment(s) and order(s)." (Dkt. No. 6 at 6.)

ORDER – 8

master' . . . by the Snohomish County Superior Court." (Resp. 7 (Dkt. No. 19 at 8).) Specifically, Sanai argues that Maxeiner "is under the control of [Sanai's ex-husband] Sassan Sanai, and does his bidding." (*Id.*) As a result, Sanai argues, Maxeiner never had authority to hold the funds in the first place, and this Court should not "validate that corrupt conduct." (*Id.* at 8.)

The Court is not persuaded by this argument. There is no evidence in the record to support Sanai's allegations of corruption. In any event, Maxeiner was not acting pursuant to Sassan Sanai's orders when he deposited the funds into the court's registry and answered the writs; he was following the Snohomish County Superior Court's order. The Court finds no basis for invalidating the writ of garnishment in this case based on Maxeiner's role as Special Master.

### E. This Court's Jurisdiction

Finally, Sanai argues that this Court "lacks jurisdiction to direct anyone to do anything in respect of the funds held by the Snohomish County Clerk" because Maxeiner transferred the funds to the Clerk, and the Clerk is not a party to the writs of garnishment. (Resp. 8 (Dkt. No. 19 at 9).) The Court finds Sanai's argument without merit.

"Garnishment reaches personal property or effects of the defendant in possession or control of the garnishee at the time when the writ is served." ROMBAUER, *supra*, § 8.10. At the time the writ in this case was served on Maxeiner, he was in possession of Sanai's divorce proceeds. After the writs issued, the Snohomish County Superior Court directed him to deposit the funds into the court's registry to await orders from this Court authorizing the Clerk to disburse the funds. That court expressly recognized that it was still proper for any order issuing from this Court with respect to the disbursement of the funds to be directed at Maxeiner. The Court finds nothing in Sanai's briefing that would defeat this Court's jurisdiction to issue such an order.

Accordingly, the Court finds that there are no disputed issues of material fact requiring a trial in the instant case. It is undisputed that Sanai is indebted to McCullough in the amount $51,202.61, and that when the writ of garnishment issued, the Garnishee was in control of a sufficient amount of Sanai's funds

ORDER – 9

to cover the amount sought in the writ, and that those funds are presently deposited in the Snohomish County Superior Court's registry awaiting an order from this Court with respect to disbursement to McCullough. The Court GRANTS McCullough's motion for summary judgment on the issue of whether McCullough is entitled to such an order.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Mary McCullough's Motion for Summary Judgment on Writ of Garnishment (Dkt. No. 15) in its entirety. Specifically, the Court orders that:

(1) Mary McCullough is awarded judgment against the garnishee Philip Maxeiner, Special Master, in the amount of $51,202.61;

(2) The Snohomish County Superior Court clerk in Cause No. 01-3-00054-5 shall disburse to the judgment creditor Mary McCullough the sum of $51,202.61, upon receipt of a certified copy of this Order and the Judgment entered in this case.

The Clerk of the United States District Court is DIRECTED to close this case.

SO ORDERED this 29th day of August, 2008.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 10